UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHIRLEY O. DANIELS,

    Plaintiff,

v.

JOHN DAVIS, DDS, JD; STEPHEN CARPENTER, AG; ROBERT KRABILL, ALJ (OAH); JOHN KUNTZ, ALJ Health Law; AILEEN MILLER, AG; JEFF OERLERICH, MFCU,

    Defendants.

Case No. C08-5396FDB

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Daniels was a dentist who had her license revoked by the Dental Quality Assurance Commission (DQAC), part of the Washington State Department of Health (DOH). She also had a contract with the Department of Social and Health Services (DSHS) to provide dental services to Medicaid clients. Daniels is being prosecuted by the Washington State Medicaid Fraud Control Unit (MFCU) of the State Attorney General's Office for Medicaid provider fraud. In this case, Daniels is suing various individuals who were involved in the license revocation proceedings, criminal prosecution, and DSHS audit: two state assistant attorneys general, two administrative law judge, and two state employees. Defendants set out more details about the earlier proceedings in their summary judgment motion, which cites to various declarations. Daniels claims obstruction of justice and violation of her Fourth Amendment due process rights.

ORDER - 1

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party establishes that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). Inferences drawn from the facts are viewed in favor of the non-moving party. *T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630-31 (9th Cir. 1987).

Summary judgment is proper if a defendant shows that there is no evidence supporting an element essential to a plaintiff's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Failure of proof as to any essential element of plaintiff's claims means that no genuine issue of material fact can exist and summary judgment is mandated. *Celotex*, 477 U.S. 317, 322-23 (1986). The nonmoving party "must do more than show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## DISCUSSION

Plaintiff Daniels has responded to Defendants' Motion for Summary Judgment. Daniels makes various assertions of irregularities during the hearing as to the individual defendants; Daniels also discusses her assertion that the RICO statute was violated, asserting that Defendant Davis orchestrated various agencies in this regard. Daniels, however, does not rebut the application of either prosecutorial or judicial immunity in this case. Additionally, she does not assert any specific allegation against Investigator Jeff Oehlerich in her response. Daniels presents a discussion of the RICO statute and her view of how it applies to the individuals in this case, but Daniels does not rebut the prosecutorial and judicial immunity principles advanced by Defendants. Accordingly, pursuant to the authorities cited by Defendants and summarized below, Daniels' causes of action against all the defendants must be dismissed.

ORDER - 2

*Administrative Law Judge Robert Krabill*

Defendants argue that there is no showing that Judge Krabill violated Daniels' due process rights among her allegations that Krabill erred in making various rulings, and Judge Krabill is entitled to quasi-judicial immunity.

"Administrative law judges ... are entitled to quasi-judicial immunity so long s they perform functions similar to judges and prosecutors in a setting like that of a court." *Hirsh v. Justices of Supreme Court of State of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995)(citing *Butz v. Economou*, 438 U.S. 478, 511-17 (1978). Here, Daniels' allegations against ALJ Krabill all arise from when he was acting as administrative law judge at Plaintiff's hearing, and he is entitled to quasi-judicial immunity.

*Health Law Judge John Kuntz*

Judge Kuntz presided over the first licensing disciplinary proceeding and the early stages of the second licensing disciplinary proceeding, including the time when Mark Koday, as chair of the DQAC, signed an ex parte order suspending Daniels' practice license.

Defendants contend that at the hearing, Daniels was represented by counsel and was accorded due process. Defendants also argue that Judge Kuntz is entitled to quasi-judicial immunity for the same reasons discussed above as to Judge Krabill. Also, Judge Kuntz has statutory immunity from any state law claims under RCW 18.130.300.

Daniels asserts that Kuntz made various errors, such as applying the preponderance of the evidence standard of proof rather than the clear, cogent and convincing evidence standard.

Washington law on the issue was unsettled in November 2006 when the DQAC ruled. In December 2006, in *Ongom v. Department of Health*, 159 Wn.2d 132, (2006) the State Supreme Court ruled that the clear and convincing standard applied to disciplinary proceedings against other types of health professionals. The DQAC held that the evidence satisfied both standards of proof in its November 2006 Final Order. The authority to issue licenses, to investigate reports of misconduct, and to impose discipline are among the powers that have been legislatively delegated to the DQAC.

ORDER - 3

*See Lang v. DSHS*, 138 Wn. App. 235, 240 (2007) and RCW 18.130, the Uniform Disciplinary Act. Judge Kuntz has statutory immunity as the actions Daniels alleges violated her rights are all based upon actions the judge took in his capacity as presiding officer.

### *Assistant Attorney General Aileen Miller*

No specific allegations are made against AAG Miller, who is the prosecutor in the pending criminal case against Daniels. Defendants argue that AAG Miller is, therefore, entitled to prosecutorial immunity.

Claims for monetary damages against prosecutors are barred by absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Under Washington law, prosecutorial immunity provides an absolute bar to civil liability for all acts performed in the course of official prosecutorial duties. *Musso-Escude v. Edwards*, 101 Wn. App. 560, 568 (2000).

### *Assistant Attorney General Stephen Carpenter*

AAG Carpenter acted as attorney for the State in the first licensing disciplinary proceeding at which Judge Kuntz presided. Defendants contend that Daniels showed no violation of her due process rights by Carpenter; moreover, Carpenter is entitled to quasi-prosecutorial immunity. *See Butz v. Economou*, 438 U.S. 478, 515 (1978)(comparing agency official initiating an administrative adjudication to a prosecutor). Defendants also argue that Carpenter is immune from Plaintiff's state law claims under the immunity afforded under RCW 18.130.300 to those acting on behalf of the DQAC, and Carpenter was acting on behalf of the DQAC in prosecuting the charges. Apart from RCW 18.130.300, Washington courts have found that prosecutorial immunity should be applied to administrative agencies performing functions analogous to a prosecutor. *See Hannum v. Friedt*, 88 Wn. App. 881, 888-89 (1997). Thus, Defendants conclude that AAG Carpenter is entitled to immunity on all of Plaintiff's state and federal claims.

ORDER - 4

*Investigator Jeff Oehlerich*

Defendants argue that Daniels failed to mention Oehlerich in the body of her complaint; Neither did Daniels make any specific allegation against Oehlerich in her response. Thus, Defendants conclude that the claims against Oehlerich should be dismissed.

*Dr. John Davis*

Defendants argue that Dr. Davis did not participate in the DQAC proceedings against Plaintiff and that he also has immunity. Dr. Davis was Chair of the DQAC at the Department of Health, but he was not involved with the DQAC's disciplinary proceedings against Daniels. Dr. Davis was recused from hearing any case that involved Medicaid dental core providers such as Daniels because he was employed at DSHS as a dental section manager where his duties included acting as a consultant on grievances filed against Medicaid dental core providers. Even if Davis had been involved with the DQAC proceedings against Daniels, he would be immune under RCW 4.24.240 from any civil action arising out of the good faith performance of his duties to the extent that he acted as a member, employee, staff person, or investigator of the DQAC.

*Other Claims for Relief*

The defendants argue that Daniels' claims for extraordinary relief must be dismissed as well. Daniels seeks disbarment of Attorney Carpenter, ALJ Krabill, and ALJ Kuntz from the practice of law; Defendants argue, however, that this Court lacks jurisdiction to order the State of Washington to criminally prosecute or disbar attorneys or judges from the State bar.

Defendants argue that as to Daniels' request for this Court to limit DQAC commission terms, to restore her dental license, to remove false and fraudulent information from the National Practitioner's Databank, to cease and desist surveillance of her, and to remove the appeal of her dental license revocation and appeal of the DSHS audit findings to federal court, the federal government has no constitutional authority to interfere with a state's exercise of its police power

ORDER - 5

except to the extent that the state's action intrudes on any of the spheres in which the federal government itself has the power to regulate, citing *U.S. v. Snyder*, 852 F.2d 471, 475 (9th Cir.1988).

**CONCLUSION**

Defendants have demonstrated that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. Defendants have shown the claims against them are subject to dismissal on the basis of, *inter alia*, prosecutorial or judicial immunity or lack of jurisdiction, as more fully elaborated in their memoranda. Plaintiff having responded and failed to demonstrate otherwise, Defendants' Motion for Summary Judgment will be granted, and all of Plaintiff's causes of action will be dismissed.

NOW, THEREFORE,

IT IS ORDERED: Defendants' Motion for Summary Judgment [Dkt. # 8] is GRANTED, and all Plaintiff's causes of action against all defendants are DISMISSED.

DATED this 21st day of October, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 6